NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MITCHELL LEE VARNELL,

          Plaintiff-Appellant,

  v.

KENNETH SAWYER; et al.,

          Defendants-Appellees.

No.   18-35771

D.C. No. 3:15-cv-05443-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

    Mitchell Lee Varnell, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Varnell failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Varnell's serious medical needs regarding his back. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delays in medical treatment do not constitute an Eighth Amendment violation unless the defendants know that "delays would cause significant harm").

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Varnell's request for appointment of counsel, set forth in the opening brief, is denied.

**AFFIRMED.**

18-35771